# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLAF JOHNSEN, | ) |
| Plaintiff, | ) |
| | ) No. 10 C 07097 |
| v. | ) |
| | ) |
| VILLAGE OF ROSEMONT, a | ) Judge John J. Tharp, Jr. |
| municipal corporation, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Olaf Johnsen filed a fifteen-count complaint against the Village of Rosemont, Lieutenant Daniel W. Drehobl, Sergeant Steven J. Sheridan, Public Safety Officer Donald Ganski, and other unknown Village of Rosemont police officers alleging, *inter alia,* false arrest pursuant to 42 U.S.C. § 1983 and Illinois state law. Now before the Court is the defendants' motion for partial summary judgment on Count II of Johnsen's complaint for false arrest under § 1983. For the reasons set forth below, the motion is granted.

### I. BACKGROUND

On January 24, 2013, this Court set a dispositive motion deadline and briefing schedule. *See* Min. Order, Dkt. 71. In accordance with that schedule, the defendants filed the instant motion for partial summary judgment on February 21, 2013. *See* Mot. for Summ. J., Dkt. 72. On March 13, 2013, the plaintiff filed an unopposed motion for an extension of time to respond, which the Court granted. Min. Order, Dkt. 79. Despite this extension of time, however, the plaintiff failed to file a responsive pleading to the defendants' motion for partial summary judgment. Accordingly, the Court took the defendants' motion under advisement without a

responsive brief, Local Rule 56.1(b)(3)(B) response, or Local Rule 56.1(b)(3)(C) statement of additional facts from the plaintiff. Min. Order, Dkt. 82.

As a result of the plaintiff's failure to respond, the following facts are taken from the defendants' Local Rule 56.1(a)(1)(3) statement of facts and deemed admitted to the extent they are supported by evidence in the record. N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Keeton v. Morningstar, Inc.,* 667 F.3d 877, 884 (7th Cir. 2012) ("[B]ecause [the plaintiff] failed to timely respond to [the defendant's] Local Rule 56.1 statement of uncontested facts, [the Court] deem[s] those facts admitted to the extent that the [defendant's] statement is supported by evidence in the record." (citations omitted)); *Nautilus Ins. Co. v. Ricciardi Dev., LLC,* No. 11 C 06126, 2012 WL 5471091, at *1 (N.D. Ill. Nov. 9, 2012) ("[The opposing party] filed no Local Rule 56.1(b)(3)(B) response, so the facts set forth in [the moving party's] Local Rule 56.1(a)[1](3) statement are deemed admitted." (citations omitted)). The Court notes, however, that it must still construe the defendants' facts in the light most favorable to Johnsen, the nonmoving party, as required on a motion for summary judgment, as well as draw all reasonable inferences in his favor. *Tebbens v. Mushol,* 692 F.3d 807, 815 (7th Cir. 2012) (citing *Goodman v. Nat'l Sec. Agency, Inc.,* 621 F.3d 651, 653 (7th Cir. 2010)); *see also Keeton,* 667 F.3d at 884.

As it happens, not all of the defendants' facts are supported by record evidence; therefore, the defendants' 56.1 statement of uncontested facts cannot be deemed admitted in its entirety. *See* Defs. 56.1 Statement of Facts, Dkt. 74 at ¶¶ 19-23, 43-49.[1] What facts can be deemed

---

[1] According to the defendants' 56.1 statement of uncontested facts, Sergeant Sheridan was at the Hotel responding to a call about a dispute at the Hotel's valet stand. Defs. 56.1 Statement of Facts, Dkt. 74 at ¶ 20. While in the hotel lobby, however, the hotel security officer approached

2

admitted, however, establish that on November 6, 2009, Lieutenant Drehobl received a dispatch regarding a possible domestic dispute occurring at the Intercontinental Hotel ("Hotel"). *Id.* at ¶ 24. Drehobl responded to the call with his commander to assist the officers on the scene. *Id.* When Drehobl and his commander arrived at the Hotel, they saw Sergeant Sheridan, Officer Ganski, and Johnsen standing in the lobby, through the lobby windows.[2] *Id.* at ¶ 50. Upon entering the Hotel, Drehobl stayed with Sheridan, who was attempting to question Johnsen, and the commander went with Ganski to look for a possible victim of the domestic dispute. *Id.*

As Drehobl joined Sheridan, Sheridan had his taser drawn and was questioning Johnsen. *Id.* at ¶ 51. Johnsen, however, "kept wanting to walk away." *Id.* Sheridan told Johnsen to "Stand by. We need some information. We need to talk to you." *Id.* Johnsen responded that he didn't need to talk to the officers, and that he was going to his hotel room. *Id.* During this time, Drehobl observed that Johnsen was highly intoxicated because he was slurring his speech, swaying, and yelling. *Id.*

Sheridan informed Drehobl that "[Johnsen was] not cooperating. He doesn't want to talk to us. He wants to go to his room." *Id.* at ¶ 52. Drehobl then told Johnsen "a few more times"

---

Sheridan about a possible domestic dispute that had occurred in the hotel and identified Johnsen as a party involved. *Id.* at ¶¶ 21-22. Sheridan then approached Johnsen and asked for his identification, which Johnsen refused to give. *Id.* at ¶ 43. The portions of the record cited to support these facts appear to be the testimony of a hotel employee describing his initial call to the police regarding the dispute at the valet stand. *See* Tr., Ex. C, Dkt. 75 at 137-152.

[2] Johnsen testified at his deposition that he was at the Hotel with his then-girlfriend, Shannon Lannon, to attend a concert. Defs. 56.1 Statement of Facts, Dkt. 74 at ¶ 9. The couple arrived at the Hotel around 7:15 p.m., had drinks before, during, and after the concert, and then decided to stay the night. *Id.* at ¶¶ 10-16. Just prior to his encounter with Sergeant Sheridan, Johnsen testified that he and his girlfriend had gone up the wrong elevator to get to their hotel room and returned to the lobby. *Id.* at ¶ 18. Upon exiting the elevator, Lannon dropped her purse, which Johnsen accidently kicked. *Id.* As Lannon was picking up her things, Johnsen told her he was going outside to smoke a cigarette. *Id.* Presumably, Johnsen was approached by Sergeant Sheridan soon after this occurrence.

3

that they needed information from him, and that they needed him "to stay [put] until [they found] out what happened with the victim…[whether] she [was] hurt…what exactly happened." *Id.* However, after being repeatedly told to stay where he was, Johnsen attempted to walk away again. *Id.* at ¶ 53. Drehobl then grabbed Johnsen's arm and told him to stay put. *Id.* At that point, Johnsen turned and shoved Drehobl with two hands. *Id.*

II.    **ANALYSIS**

The defendants contend that they are entitled to summary judgment on Count II of Johnsen's complaint for false arrest pursuant to § 1983. Mot. for Summ. J., Dkt. 73 at 1. "Summary judgment is appropriate if the evidence demonstrates that there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Smith v. Sangamon Cnty. Sheriff's Dep't,* 715 F.3d 188, 191 (7th Cir. 2013) (citing Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). As explained above, the plaintiff failed to file a brief in opposition to the defendants' motion for partial summary judgment. "However, a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not…automatically result in judgment for the movant." *Keeton,* 667 F.3d at 884 (citing *Raymond v. Ameritech Corp.,* 442 F.3d 600, 608 (7th Cir. 2006); *Reales v. Consol. Rail Corp.,* 84 F.3d 993, 997 (7th Cir. 1996)). The moving party "must still demonstrate that [they are] entitled to judgment as a matter of law." *Id.* (citing *Raymond,* 442 F.3d at 608).

As noted, the applicable law here is § 1983. To prevail on his claim for false arrest pursuant to § 1983, Johnsen must show that the defendant officers lacked probable cause to arrest him. *See Harney v. City of Chi.,* 702 F.3d 916, 922 (7th Cir. 2012) (citing *Mucha v. Vill. of Oak Brook,* 650 F.3d 1053, 1056 (7th Cir. 2011)). "The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest." *Abott v.*

*Sangamon Cnty., Ill.,* 705 F.3d 706, 713-14 (7th Cir. 2013) (citing *Mustafa v. City of Chi.,* 442 F.3d 544, 547 (7th Cir. 2006)).

"Probable cause exists if 'at the time of the arrest, the facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Williamson v. Curran,* 714 F.3d 432, 441 (7th Cir. 2013) (quoting *Gonzalez v. City of Elgin,* 578 F.3d 526, 537 (7th Cir. 2009)). Where, as here, the material facts are undisputed, the Court may decide whether probable cause existed at the time of the arrest. *Gonzalez,* 578 F.3d at 538 (citing *Maxwell v. City of Ind.,* 998 F.2d 431, 434 (7th Cir. 1993)). And "[p]robable cause is not evaluated by the court based upon 'the facts as an omniscient observer would perceive them,' but instead is determined by facts 'as they would have appeared to a reasonable person in the position of the arresting officer." *Williams v. Rodriguez,* 509 F.3d 392, 398-99 (7th Cir. 2007) (citing *Mustafa,* 442 F.3d at 547 (quoting *Kelley v. Myler,* 149 F.3d 641, 646 (7th Cir. 1998); citing *Woods v. City of Chi.,* 234 F.3d 979, 987 (7th Cir. 2000))).

"The existence of probable cause…depends, in the first instance, on the elements of the predicate criminal offense(s) as defined by state law." *Abbott,* 705 F.3d at 715 (citing *Michigan v. DeFillipo,* 443 U.S. 31, 36 (1979); *Thayer v. Chiczewski,* 705 F.3d 237, 246-47 (7th Cir. 2012)). In this case, the plaintiff was arrested and criminally charged with resisting a peace officer, battery, and disorderly conduct, *see* Defs. 56.1 Statement of Facts, Dkt. 74 at ¶ 42, although "an arrest can be supported by probable cause that the arrestee committed any crime, regardless of the officer's belief as to which crime was at issue." *Abbott,* 705 F.3d at 715 (citing *Devenpeck v. Alford,* 543 U.S. 146, 155 (2004); *Fox v. Hayes,* 600 F.3d 819, 837 (7th Cir.

5

2010)). The defendants contend that on each of these bases, they had probable cause to arrest Johnsen. Mot. for Summ. J., Dkt. 73 at 1. For the reasons explained below, the Court agrees.

In Illinois, "[a] person who knowingly resists or obstructs the performance by one known to the person to be a peace officer…of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1(a). Further, "[a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a). Here, according to the plaintiff's own testimony as recounted in the defendants' 56.1 statement of facts, Johnsen knowingly disobeyed the uniformed police officers by walking away, refusing to sit down, and at one point, attempting to walk out of the hotel. Defs. 56.1 Statement of Facts, Dkt. 74 at ¶¶ 34-40. Witnesses at the hotel also described Johnsen as yelling, screaming, using profanity, and behaving belligerently. *Id.* at ¶¶ 57-59, 63-64, 67-70.

As the Seventh Circuit has explained, however, to establish probable cause for an arrest based on resisting a peace officer, "[i]t is well settled under Illinois law…that resistance must be physical; mere argument will not suffice." *Gonzalez,* 578 F.3d at 538 (citing *Payne v. Pauley,* 337 F.3d 767, 776 (7th Cir. 2003)). "In fact…the First Amendment protects even profanity-laden speech directed at police officers." *Id.* (citing *Payne,* 337 F.3d at 776; *People v. Long,* 316 Ill. App. 3d 919, 250, 738 N.E.2d 216, 222 (1st Dist. 2000) ("Merely arguing with a police officer—even using abusive language—does not constitute resisting a peace officer."); *People v. Flannigan,* 131 Ill. App. 2d 1059, 267 N.E.2d 739, 741-42 (5th Dist. 1971) (disrespect for the law, antagonism, or belligerence is insufficient to constitute resisting or obstructing a peace officer)).

But Johnsen did more than simply argue with Sergeant Sheridan and Lieutenant Drehobl. After repeated admonitions by the defendant officers not to leave the area so that they could complete their investigation, Johnsen made one attempt after another to walk away. *Id.* at ¶¶ 48, 53. Further, when Lieutenant Drehobl took Johnsen by the arm and told him he was not free to leave, Johnsen turned and shoved Lieutenant Drehobl in the chest with both hands. *Id.* at ¶¶ 49, 53. As the defendants correctly argue, once Johnsen shoved Drehobl, the defendant officers clearly had probable cause to arrest Johnsen for not only resisting a peace officer, but also battery. *See Abrams v. Walker,* 165 F. Supp. 2d 762, 767 (N.D. Ill. 2001) ("All that is required for obstruction is a physical act that impedes, hinders, interrupts, prevents, or delays the performance of an officer's duties." (citing *People v. Hilgenberg,* 223 Ill. App. 3d 286, 585 N.E.2d 180 (2d Dist. 1991))); *Adeszko v. Degnan,* No. 05 C 04589, 2006 WL 3469541, at *5 (N.D. Ill. Nov. 29, 2006) ("As a general matter, physical contact between an arrestee and a law enforcement officer, however minor, can provide probable cause for an arrest for battery."); *see also Graham v. Hildebrand,* 203 Fed. Appx. 726, 730 (7th Cir. 2006) (officer had probable cause to arrest the plaintiff for battery where it was undisputed that plaintiff had been pushing and shoving people in a crowd).

Shoving Lieutenant Drehobl and repeatedly attempting to walk away were physical acts that delayed and impeded those defendant officers from conducting their official duty of investigating the domestic dispute. Moreover, shoving, without question, is "physical contact of an insulting or provoking nature." 720 ILCS 5/12-3(a); *see also Graham,* 203 Fed. Appx. at 730. Having determined that the defendant officers had probable cause to arrest Johnsen for resisting a peace officer and battery, it is irrelevant, and therefore unnecessary to determine, whether

probable cause existed to arrest the plaintiff for disorderly conduct. *See Abbott,* 705 F.3d at 715. Accordingly, the defendants' motion for partial summary judgment is granted.

As a final matter, the Court also notes that, while the defendants have only moved for summary judgment on Count II, Count X of Johnsen's complaint is also a claim for false arrest, but under state law. *See* Am. Compl., Dkt. 21 at 18. As Illinois courts have explained, "[t]he elements of [state law] false arrest are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Gauger v. Hendle,* 954 N.E.2d 307, 327 n.6 (2d Dist. 2011) (citing *Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 474, 564 N.E.2d 1222, 1231 (1990)). And "[i]f probable cause existed for the arrest, an action for false arrest cannot lie." *Id.* (citing *Lappin v. Costello,* 232 Ill. App. 3d 1033, 1041, 598 N.E.2d 311, 317 (4th Dist. 1992)). Accordingly, Johnsen's state law claim for false arrest fails for the same reasons as his federal claim. Therefore, the Court grants summary judgment for the defendants on Count X of Johnsen's complaint as well.

Entered: July 12, 2013

John J. Tharp, Jr.
United States District Judge