# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLAF JOHNSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF ROSEMONT, a municipal )<br>corporation, LT. DANIEL W. DREHOBL )<br>#1427, SGT. STEVEN J. SHERIDAN )<br>#1474, PSO DONALD GANSKI #7462, )<br>individually and as agents of the Village of )<br>Rosemont, )<br>)<br>Defendants. ) | No. 10-cv-07097<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiff Olaf Johnsen alleges that after attending a rock concert in November 2009, he was unjustifiably shot with a taser, beaten, and arrested by Rosemont Police Department personnel Lieutenant Daniel Drehobl, Sergeant Steven Sheridan, and Officer Donald Ganski (collectively, "Officer Defendants"). Johnsen subsequently filed a 15-count complaint in this Court against the Officer Defendants and their employer, the Village of Rosemont (together with the Officer Defendants, "Defendants"). In July 2013, the Court granted summary judgment in favor of Defendants on Johnsen's federal and state law claims for false arrest. In October 2013, Johnsen was granted leave to file the Second Amended Complaint, which streamlined Johnsen's case to four counts—all of which had been included in the prior version of the complaint—in anticipation of a jury trial. Defendants then filed a motion to dismiss the malicious prosecution claim in the Second Amended Complaint ("Second Motion") (Dkt. No. 96), which the Court decided to treat as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

Now before the Court is Johnsen's motion to strike Defendants' Second Motion as an untimely successive motion for summary judgment ("Motion to Strike"). (Dkt. No. 110.) Alternatively, Johnsen asks the Court to (1) reconsider its prior decision granting partial summary judgment in favor of Defendants on Johnsen's federal and state law false arrest claims, and (2) require Defendants to file a statement of undisputed facts in support of the Second Motion pursuant to Local Rule 56.1. For the reasons set forth below, the Motion to Strike is granted in part and denied in part.

**BACKGROUND**

This lawsuit arises out of a confrontation between Johnsen and the Officer Defendants at the Intercontinental Hotel in Rosemont, Illinois on November 6, 2009. On that night, Sergeant Sheridan stopped Johnsen after receiving information that Johnsen had been involved in a possible domestic disturbance. (Johnsen Crim. Trial Tr. at 3-4, 56, Dkt. No. 75-4.) At some point during the encounter, the other Officer Defendants joined Sergeant Sheridan in confronting Johnsen, and Sergeant Sheridan pointed a taser gun at Johnsen. (*Id.* at 58; Sec. Am. Compl. ¶ 12, Dkt. No. 95.)

The parties dispute what happened next. According to the Officer Defendants, Johnsen shoved Lieutenant Drehobl and in response Sergeant Sheridan shocked Johnsen with the taser. (Johnsen Crim. Trial Tr. at 63-64, Dkt. No. 75-4.) Johnsen, on the other hand, claims that the Officer Defendants shocked him with a taser despite the fact that he cooperated with them, informed them that he has a pacemaker, and raised both of his hands above his head in a gesture of surrender. (Sec. Am. Compl. ¶¶ 13-15, Dkt. No. 95.) Johnsen further alleges that the Officer Defendants continued to shock him with the taser gun multiple times while he was lying on the ground, causing him pain, burns, and scarring. (*Id.* ¶¶ 16-17.) He claims that Lieutenant Drehobl

also punched and kicked him a number of times, breaking his nose, while the other Officer Defendants watched and did nothing to intervene. (*Id.* ¶¶ 18-19.) According to Johnsen, the Officer Defendants then handcuffed him and caused him to be charged with battery, resisting arrest, and disorderly conduct, despite a lack of probable cause for any of these offenses. (*Id.* ¶¶ 23-25.) Johnsen was tried before a jury on these criminal charges, and the charges were terminated in Johnsen's favor. (*Id.* ¶ 26.)

Johnsen filed his original Complaint in this action on November 3, 2010, and he filed the First Amended Complaint on January 19, 2011. The First Amended Complaint asserted 15 claims for relief, including claims for false arrest pursuant to 42 U.S.C. § 1983 and Illinois law, as well as a claim for malicious prosecution under Illinois law. After the close of discovery, the Court set a dispositive motion deadline of February 21, 2013. Defendants timely filed a motion for partial summary judgment on Johnsen's federal false arrest claim ("Original Motion"), arguing that the undisputed evidence established that the Officer Defendants had probable cause to arrest Johnsen for resisting a peace officer, battery, and disorderly conduct. (Dkt. No. 72.)

In conjunction with their Original Motion, Defendants filed a statement of what they contended were undisputed material facts pursuant to Local Rule 56.1 ("Statement of Facts"). (Dkt. No. 74.) The Statement of Facts repeatedly presented as an undisputed fact that Johnsen shoved Lieutenant Drehobl. (*Id.* ¶¶ 48, 49, 53.) Although the Statement of Facts cited Johnsen's deposition testimony extensively for other matters (*see, e.g., id.* ¶¶ 25-44), it failed to reference the portion of Johnsen's deposition in which he denied shoving Lieutenant Drehobl:

> Q. Okay. At any time did you touch Officer Drehobl -- strike that -- Lieutenant Drehobl?
> A. Never.
> Q. At any time did you push him?
> A. Never. At any time I never touched any of those police officers.

3

(Johnsen Dep. Tr. 81:15-20, Mot. to Strike Ex. B, Dkt. No. 110-2.) Defendants also included a partial transcript of Johnsen's criminal trial as an exhibit to their Original Motion. (Statement of Facts Ex. C, Dkt. No. 75-4.) However, Defendants omitted the portion of the criminal trial transcript in which Johnsen testified that he did not push Drehobl and did not cite to that portion of the transcript in their Statement of Facts. (*See* Johnsen Crim. Trial Tr. 209-210, Mot. to Strike Ex. A, Dkt. No. 110-1.)

Johnsen's then-attorney failed to respond to Defendants' Original Motion or Statement of Facts.[1] Thus, the Court deemed most of Defendants' Statement of Facts admitted pursuant to Local Rule 56.1(b)(3)(C), including the supposedly undisputed fact that Johnsen shoved Drehobl. (*See* Mem. Op. and Order at 2, 4, 7, Dkt. No. 84.) Based in part on this ostensibly undisputed fact, the Court found that the Officer Defendants had probable cause to arrest Johnsen on the charges of resisting arrest and battery. (*Id.* at 7.) Consequently, the Court granted summary judgment in favor of Defendants on Johnsen's false arrest claims under both federal and state law.[2] (*Id.* at 7-8.)

Johnsen subsequently retained new counsel and filed the Second Amended Complaint, which alleges only four causes of action: excessive force, failure to intervene, battery, and malicious prosecution. (Dkt. No. 95.) Defendants then moved to dismiss Johnsen's malicious

---

[1] Johnsen's counsel at the time has since been suspended from the practice of law for two years by the Illinois Attorney Registration and Disciplinary Commission.

[2] While Defendants moved for summary judgment only with respect to Johnsen's federal false arrest claim, the Court found that Johnsen's state law claim failed for the same reasons as his federal law claim and *sua sponte* granted summary judgment on the state law claim as well. (Mem. Op. and Order at 8, Dkt. No. 84.)

prosecution claim.[3] (Dkt. No. 96.) Because Defendants attached Johnsen's arrest report as an exhibit, the Court informed the parties that it would treat Defendants' motion as a second motion for partial summary judgment ("Second Motion") pursuant to Federal Rule of Civil Procedure 12(d). In addition, the Court waived the requirement for Defendants to file a Local Rule 56.1 statement of undisputed material facts. Instead of responding to the merits of Defendants' Second Motion, Johnsen filed the Motion to Strike. In that motion, Johnsen argues that the Court should strike Defendants' Second Motion as an untimely successive motion for summary judgment. If the Court declines to strike the motion, Johnsen asks in the alternative that the Court reconsider the decision granting the Original Motion and require Defendants to file a new Local Rule 56.1 statement of facts.

## DISCUSSION

I.     **Motion to Strike Defendants' Successive Summary Judgment Motion**

Johnsen argues that Defendants should not be allowed to file a second motion for summary judgment because they could have addressed Johnsen's malicious prosecution claim in the Original Motion.

The decision to allow a second summary judgment motion when a party neglected to address all of the non-movant's claims in its first motion is within the Court's discretion. *Gordon v. Veneman*, 61 Fed.Appx. 296, 298 (7th Cir. 2003). Thus, a party may be permitted to file successive summary judgment motions "if good reasons exist." *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). One example of a good reason to permit a successive summary judgment motion would be when the court concludes that it would be better to allow a second

---

[3] Defendants' Second Motion does not address Johnsen's claims for excessive force, failure to intervene, or battery.

summary judgment motion rather than to risk wasting judicial resources on a claim for which no factual dispute exists. *Gordon*, 61 Fed.Appx. at 298 (citing *Whitford*, 63 F.3d at 530).

Here, Defendants' Second Motion asks the Court to grant summary judgment on Johnsen's malicious prosecution claim. The elements of malicious prosecution under Illinois law are: (1) the commencement of the criminal proceeding was caused by the defendant; (2) the termination of the proceeding was in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice on the part of the defendant; and (5) damages resulting to the plaintiff. *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1219 (Ill. App. Ct. 1st Dist. 2003). If any one of these elements is found to be lacking, a malicious prosecution claim fails as a matter of law. *Id.* In their motion, Defendants raise credible arguments regarding several of these elements. Because allowing Defendants to move for summary judgment on the malicious prosecution claim could potentially prevent the parties and the Court from spending time and resources trying a claim that is not actually subject to dispute, good reason exists to allow Defendants to file a successive motion for summary judgment.

Accordingly, the Court denies Johnsen's Motion to Strike to the extent it seeks to preclude Defendants from proceeding with their motion for summary judgment on the malicious prosecution claim. However, as discussed further below, the Court finds that the motion currently on file should be stricken and Defendants should be granted leave to file a renewed motion.

## II. Motion to Reconsider the Court's Ruling on the Original Summary Judgment Motion

Johnsen's Motion to Strike argues that the Court should reconsider its decision granting the Original Motion. Rule 54(b) allows a court to reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir.

1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)). "Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Reconsideration of a summary judgment ruling is appropriate where a party engaged in a "significant, material misrepresentation of fact." *U.S. v. Petersen Sand and Gravel, Inc.*, 806 F.Supp. 1346, 1360 (N.D. Ill. 1992).

Johnsen argues that reconsideration is warranted here in light of certain material misrepresentations by Defendants in their Statement of Facts. Paragraphs 48, 49, and 53 of the Statement of Facts assert that it is undisputed that Johnsen shoved Lieutenant Drehobl. However, Johnsen twice testified under oath—once during his criminal trial and once during his deposition in this matter—that he never touched any of the Officer Defendants. It is clear that Defendants were aware of these statements, as they included Johnsen's deposition and trial transcripts as exhibits to the Original Motion and cited them in their memorandum of law.

In *Goka v. Bobbitt*, 862 F.2d 646 (7th Cir. 1988), the Seventh Circuit found that similar behavior violated counsel's obligations under Federal Rule of Civil Procedure 11. The defendants in *Goka* moved for summary judgment, contending that there were no genuine issues of material fact as to the plaintiff's claims. *Id.* at 649. However, certain parts of the defendants' deposition testimony cited in the motion were "directly and materially inconsistent with [statements] made by [plaintiff] during the course of his deposition." *Id.* at 650-51. The district court granted summary judgment for the defendants. The Seventh Circuit reversed the decision, however, based on the existence of a material factual dispute known to the defendants but not disclosed to the district court. *Id.* at 652. In so ruling, the court stated, "[w]e find it difficult to conceive how counsel for the defendants could have certified to the district court that to the best

7

of her knowledge, information, and belief there were no genuine issues of material fact precluding summary judgment" given these discrepancies. *Id.* at 651. The court further admonished the defendants:

> Defendants have interpreted *Celotex* [*Corp. v. Catrett*, 477 U.S. 317 (1986)] to require that they identify only those portions of the record which support their position on summary judgment, although there exists evidence to the contrary of which defendants are aware. Defendants maintain that the burden of producing such evidence was on [plaintiff] as the party opposing summary judgment, and that he failed to meet that burden. They conclude, therefore, that summary judgment was appropriate. We do not agree.
>
> Defendants' argument ignores the principal purpose of the summary judgment rule which is "to isolate and dispose of *factually unsupported* claims or defenses." When a party has obtained knowledge through the course of discovery, or otherwise, that a material factual dispute exists and yet proceeds to file a summary judgment motion, in hopes that the opposing party will fail or be unable to meet its burden in responding to the motion, he defeats that purpose; and, more importantly, violates the rules of procedure which govern the conduct of trial, specifically Rule 11.

*Id.* at 650 (citation omitted).

The situation presently before this Court is virtually identical to the facts in *Goka*. Defendants were clearly aware of the existence of a factual dispute regarding Johnsen's alleged shove of Lieutenant Drehobl, but nonetheless represented to the Court that it was undisputed. Accordingly, the Court finds that Defendants violated Rule 11 and strikes from Defendants' Statement of Facts all references to Johnsen shoving Lieutenant Drehobl.

This result raises the question of whether the Court's prior ruling granting summary judgment in favor of Defendants must necessarily be vacated and briefing of that motion reopened. Defendants raise a number of arguments why the earlier summary judgment ruling should not be disturbed. They first appeal to the law of the case doctrine and argue that the

change in judges in this matter dictates that the Court adhere to prior decisions.[4] (*See* Defs.' Resp. at 5-6, Dkt. No. 116.) But, notwithstanding the law of the case doctrine, a subsequent judge may alter previous rulings if she is convinced they are incorrect. *Best v. Shell Oil*, 107 F.3d 544, 546 (7th Cir. 1997). And the factual misrepresentations by Defendants in their Statement of Facts provide a compelling reason for the Court to do so here.

Defendants also argue that "Plaintiff's general denial that he never touched Officer [*sic*] Drehobl is insufficient to create a genuine issue of material fact." (Defs.' Resp. at 8, Dkt. No. 116.) However, a plaintiff can defeat summary judgment by citing his own deposition. *Paz v. Wauconda Healthcare and Rehabilitation Ctr.*, 464 F.3d 659, 664-65 (7th Cir. 2006) (citing *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003)). Furthermore, Defendants' argument is directly rebutted by *Goka*, which establishes that a statement is not "undisputed" if there is deposition testimony that directly contradicts it. *Goka*, 862 F.2d at 650-51. Defendants attempt to distinguish *Goka* on the basis that the plaintiff in that case was *pro se*, whereas Johnsen was represented by counsel at the time the Original Motion was briefed. However, the Court does not consider the presence or absence of opposing counsel to be pertinent to Defendants' obligations under Rule 11.

Finally, Defendants argue that *Goka* is distinguishable because it did not involve a plaintiff who failed to file a required Rule 56.1 response. In fact, the Seventh Circuit's opinion in *Goka* does not indicate whether or not the plaintiff complied with all of the formal requirements for opposing a summary judgment motion. However, the opinion specifically notes that the plaintiff failed to identify any evidence that would defeat summary judgment. *Goka*, 862 F.2d at 649 n.1. There is no apparent reason why the Seventh Circuit's analysis would be different

---

[4] Judge Tharp presided over this case until it was transferred to the undersigned judge on November 18, 2013.

depending on whether the plaintiff failed to file a Rule 56.1 response altogether or filed one that failed to cite appropriate evidence.

Accordingly, the Court strikes paragraphs 48, 49, and 53 from Defendants' Statement of Facts, and the Court considers it an open issue of fact whether Johnsen shoved Lieutenant Drehobl during his encounter with the Officer Defendants. However, Plaintiff has offered no compelling reason why the remainder of the Statement of Facts should not continue to be deemed admitted by Johnsen. Defendants' violation of Rule 11 does not insulate Johnsen from the consequences of his prior counsel's malpractice. *See Bakery Mach. and Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The Rule is that *all* of the attorney's misconduct . . . becomes the problem of the client.") (emphasis in original). *See also, e.g., Kreg Therapeutics, Inc. v. VitalGo, Inc.*, No. 11-cv-6771, 2014 WL 1227311, at *3 (N.D. Ill. Mar. 25, 2014) (client bears the consequences of prior counsel's failure to respond to a Local Rule 56.1 statement).

## III. Summary Judgment on Johnsen's False Arrest Claims

Striking paragraphs 48, 49, and 53 from the Statement of Facts impacts the Court's ruling on the Original Motion in that there is now a disputed issue of material fact regarding whether the Officer Defendants had probable cause to arrest Johnsen for battery. However, striking those facts does not undermine the Court's ultimate conclusion that the Officer Defendants did have probable cause to arrest Johnsen for some offense—namely, obstructing the Officer Defendants in their investigation of a domestic disturbance. Thus, excising from the Statement of Facts the paragraphs referencing the shove does not necessitate reconsideration of the Court' prior ruling granting summary judgment on the false arrest claims.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In seeking summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). Normally, once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted).

Here, Johnsen failed to file a brief in opposition to the Original Summary Judgment Motion, but "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not . . . automatically result in judgment for the movant." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996)). The moving party "must still demonstrate that [they are] entitled to judgment as a matter of law." *Id.* (citing *Raymond*, 442 F.3d at 608). The Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

For Johnsen to prevail on either his federal or state claim for false arrest, he must show that the Officer Defendants lacked probable cause to arrest him. *See Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 713-14 (7th Cir. 2013) ("The existence of probable cause to arrest is an

absolute defense to any § 1983 claim against a police officer for false arrest ….");  *Gauger v. Hendle*, 954 N.E.2d 307, 327 n.6 (Ill. App. Ct. 2d Dist. 2011) ("If probable cause existed for the arrest, an action for false arrest [under Illinois law] cannot lie."). "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott*, 705 F.3d at 714. "[A]n arrest can be supported by probable cause that the arrestee committed any crime, regardless of the officer's belief as to which crime was at issue." *Id.* at 715 (citations omitted). Thus, if the Court finds that the undisputed facts demonstrate that there was probable cause for Johnsen's arrest on any of the charges that were brought against him, then summary judgment is proper on Johnsen's false arrest claim.

The Court previously found that probable cause existed for the charges against Johnsen for battery and resisting a peace officer.[5] But with the striking of all references in the Statement of Facts to Johnsen's purported shove of Lieutenant Drehobl, there is now a disputed issue of material fact regarding the existence of probable cause to arrest Johnsen for battery. Under Illinois law, "[a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. The Court's prior ruling found that there was probable cause to arrest Johnsen for battery because his supposed shove of Defendant Drehobl was "without question . . . 'physical contact of an insulting or provoking nature.'" (Mem. Op. and Order at 7, Dkt. No. 84.) Because the Court has stricken the facts regarding Johnsen shoving Lieutenant Drehobl, that ruling is no longer supported by the record.

---

[5] The Court did not consider whether there was probable cause for the disorderly conduct charge. (Mem. Order and Op. at 7-8.)

However, even without reference to the stricken paragraphs, there is no genuine dispute of material fact regarding whether the Officer Defendants had probable cause to arrest Johnsen on the charge of obstructing a peace officer. Under Illinois's obstruction statute, it is illegal to "knowingly resist[] or obstruct[] the performance by one known to the person to be a peace officer … of any authorized act within his official capacity …." 720 Ill. Comp. Stat. 5/31-1. To establish probable cause for an arrest based on resisting a peace officer, "that resistance must be physical; mere argument will not suffice." *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009) (citing *Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003)).

Here, Johnsen admitted that he was aware Sergeant Sheridan was a police officer and also testified that the other Officer Defendants were in uniform. (Statement of Facts ¶¶ 27, 33, 47, Dkt. No. 74.) Sergeant Sheridan, after receiving information that Johnsen had been involved in a possible domestic disturbance, approached Johnsen and began his investigation by asking for his identification and name. (Johnsen Crim. Trial Tr. at 3-4, 56, Dkt. No. 75-4; Statement of Facts ¶¶ 28-29, 43, Dkt. No. 74.) This constituted an authorized act within Sergeant Sheridan's official capacity. *See United States v. Baskin*, 401 F.3d 788, 791 (7th Cir. 2005) (police can conduct a so-called *Terry* stop if they have reasonable suspicion, supported by articulable facts, that criminal activity is afoot). After Sergeant Sheridan and the other Officer Defendants approached Johnsen in the course of their investigation, Johnsen knowingly disobeyed the Officer Defendants by repeatedly walking away and attempting to walk out of the hotel despite the Officer Defendants' repeated orders to stay. (Statement of Facts ¶¶ 34-40, Dkt. No. 74.) As the Court found in its original order granting partial summary judgment for Defendants, when Johnsen "repeatedly attempted to walk away" from the Officer Defendants, this constituted a "physical act[] that delayed and impeded [the Officer Defendants] from conducting their official

duty of investigating the domestic dispute." (Mem. Op. and Order at 7, Dkt. No. 84.) *See People v. Jones*, 613 N.E.2d 354, 357 (Ill. App. Ct. 2d Dist. 1993) (flight in the face of an order to halt during a police officer's legitimate exercise of investigative authority provides probable cause for the offense of resisting or obstructing a peace officer); *People v. Moore*, 676 N.E.2d 700, 704 (Ill. App. Ct. 3d Dist. 1997) (collecting cases).

The Court thus concludes that there is no genuine issue of material fact with respect to the Officer Defendants having had probable cause to arrest Johnsen for resisting or obstructing a peace officer. Accordingly, the Court will not disturb the prior decision to grant partial summary judgment in favor of Defendants on Johnsen's false arrest claims.

## IV. Defendants' Second Motion and L.R. 56.1 Statement

Defendants' Second Motion relies on certain matters in the Statement of Facts having been deemed admitted in the Court's ruling on the Original Motion. As a result of this present ruling, some of those facts are now subject to dispute.

Malicious prosecution is an offense-specific claim. *Williams v. City of Chicago*, 733 F.3d 749, 759 (7th Cir. 2013); *see also Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("[P]robable cause to believe an individual committed one crime . . . does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge."). Unlike with Johnsen's false arrest claims, the existence of probable cause to prosecute Johnsen for one offense does not defeat his claim for malicious prosecution of the other offenses. Thus, Johnsen can establish Defendants' liability for malicious prosecution if he is able to prove the elements of that claim with respect to any of the criminal offenses for which he was charged—battery, resisting arrest, or disorderly conduct.

14

Defendants' Second Motion relies heavily upon the Court's finding in granting the Original Motion that there was probable cause to arrest Johnsen for battery. (*See* Defs.' Sec. Mot. at 3, Dkt. No. 72.) Because the Court has stricken the facts underlying that conclusion, Defendants' current arguments regarding the malicious prosecution claim for the charge of battery are no longer supported. Given the potential impact of this development on Defendants' Second Motion and the fact that Johnsen has not yet responded to the merits of that motion as currently presented, the Court finds that the most fair and efficient course of action is to strike Defendants' Second Motion without prejudice and grant Defendants leave to file a renewed motion for summary judgment on Johnsen's malicious prosecution claim that takes into account this Memorandum Opinion and Order. Should Defendants choose to file a renewed motion for partial summary judgment, they will be expected to follow the normal procedures for summary judgment practice, including filing a statement of undisputed facts pursuant to Local Rule 56.1.

## **CONCLUSION**

For the foregoing reasons, Johnsen's Motion to Strike (Dkt. No. 110) is granted in part and denied in part. The Court strikes paragraphs 48, 49, and 53 from Defendants' Statement of Facts as a sanction for their Rule 11 violation. However, the Court denies Johnsen's request for reconsideration of the ruling granting summary judgment in Defendants' favor on his false arrest claims. The Court also strikes without prejudice Defendants' Second Motion. (Dkt. No. 96.) Defendants may file a renewed motion for summary judgment with respect to Johnsen's malicious prosecution claim within 21 days of the date of this Order. Should Defendants choose

to file a renewed motion for summary judgment, they shall file a statement of undisputed material facts pursuant to Local Rule 56.1 in conjunction with that motion.

ENTERED:

Dated: September 30, 2014

Andrea R. Wood
United States District Judge